UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SIMIONE DUNN,

      Petitioner,

                                   Case No. 25-cv-13068

v.                                   Hon. Matthew F. Leitman

ERIC RARDIN,

      Respondent.

_____/

## ORDER (1) DENYING RESPONDENT'S MOTION TO DISMISS FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES (ECF No. 5) AND (2) ORDERING RESPONDENT TO FILE AN ANSWER TO PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS (ECF No. 1)

Petitioner Simione Dunn is currently incarcerated at the Federal Correctional Institution in Milan, Michigan ("FCI-Milan"). On September 29, 2025, Dunn filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in this Court. (*See* ECF No. 1.) Dunn claims that the Bureau of Prisons ("BOP") failed to credit him Earned Time Credits ("ETCs") starting from the date of his sentencing as required by the First Step Act. (*See id.*, PageID.1-2.) Instead, he says the BOP granted him these credits only upon the date of his arrival at FCI-Milan. (*Id.*) The BOP presumably calculated Dunn's credits this way because one of its governing regulations, 28 C.F.R. § 523.42, provides that "[a]n eligible inmate begins earning [First Step Act] Time Credits after the inmate's term of imprisonment commences

(the date the inmate arrives or voluntarily surrenders at the designated Bureau facility where the sentence will be served)." 28 C.F.R. § 523.42(a).

Respondent Eric Rardin, FCI-Milan's warden, filed a motion to dismiss Dunn's petition on the ground that Dunn had failed to exhaust his administrative remedies with the BOP. (*See* Mot., ECF No. 5, PageID.21-25.)  For the following reasons, Rardin's motion to dismiss is **DENIED**.

A federal habeas corpus petitioner is required to exhaust his or her administrative remedies before seeking habeas corpus relief under 28 U.S.C. § 2241. *See Luedtke v. Berkebile*, 704 F.3d 465, 466 (6th Cir. 2013); *Fazzini v. Ne. Ohio Corr. Center*, 473 F.3d 229, 231 (6th Cir. 2006); *Little v. Hopkins*, 638 F.2d 953, 954 (6th Cir. 1981).  The failure to exhaust administrative remedies is an affirmative defense that the respondent is required to prove. *See, e.g.*, *Luedtke*, 704 F.3d at 466. There is, however, a futility exception to the exhaustion requirement. *See Fazzini*, 473 F.3d at 236 (citing *Aron v. LaManna*, 4 F. App'x 232, 233 (6th Cir. 2001)). Failure to exhaust "may be excused where pursuing such remedies would be futile or unable to afford the petitioner the relief he seeks." *Id.*

The Court finds that any attempt by Dunn to exhaust his administrative remedies would be futile.  That is because the result of administrative review here is preordained by the BOP regulation that requires the BOP to calculate ETCs beginning from the date of actual incarceration in a BOP facility.  That result cannot

be altered through the BOP's administrative review process.  For that reason, a growing number of courts have held that efforts to exhaust would be futile where, as here, the inmate's claim for ETCs under the First Step Act is precluded by the BOP's regulations and where the only possible relief would come by way of a ruling from a federal court that the BOP's regulation conflicts with the terms of the First Step Act. *See Gale v. Warden FCI Milan*, No. 24-13127, 2025 WL 223870, at *3 (E.D. Mich. Jan. 16, 2025) (collecting cases).  This Court joins the other courts that have reached that conclusion.  The Court therefore declines to dismiss the Petition for failure to exhaust administrative remedies.

Rardin is **ORDERED** to file an answer addressing the merits of the Petition within thirty days of this Order.  Petitioner shall have twenty days from the date he receives the answer to file a reply if he chooses.

**IT IS SO ORDERED.**

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated:  January 29, 2026

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on January 29, 2026, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126